JOHN H. WILSON *versus* GEORGE W. LADD.

Where logs were attached to secure the lien thereon, provided by c. 91 of R. S., and the general owner of them receipted to the officer therefor, reserving his right to claim them as his own property, he will not be estopped in an action brought by the officer, upon the receipt, to assert his right to the logs and to defend the suit.

The receipter may refuse, in such case, to deliver the logs when demanded of him by an officer having the execution issued in that suit, if there is no mandate in the precept, authorizing him to satisfy the judgment by seizure and sale of them, his precept running only against the property and body of the *debtor* therein, who was never the owner of the logs.

Actual notice to the owner of the logs, of a suit in which they have been attached, is not required, as the statute provides that the notice shall be "such as the Court shall order;" and a notice will be sufficient if ordered and given by publication in a newspaper.

ON STATEMENT OF FACTS.

THIS was an action upon the defendant's receipt, given to the plaintiff for certain logs attached by him as an officer, on a writ in favor of one Lunt, against Webster & Grant. That action was brought to enforce the statute lien of said Lunt on the logs, for his personal services, having been one of the men who cut and hauled them.

Ladd, the defendant in this action, was the general owner of the logs. In his receipt to the officer is the following : — "Not hereby admitting the right of said Lunt to attach said logs, and reserving the right to claim said logs as my own property."

The writ upon which the logs were attached, contained a command to the officer "to attach certain pine and spruce logs marked W. G. X., now in Penobscot river, in and near Penobscot boom, and being the same which were cut and hauled by Mark Webster of, &c., and Andrew R. Grant of, &c., from township No. 3, &c., in the winter of the years 1857 and 1858, on which said logs the plaintiff labored in cutting and hauling, and upon which he claims a lien for his personal services in cutting and hauling, by virtue of § 19 of c. 91 of the R. S. of this State, to the value of one hundred and fifty dollars ; and summons the said Webster & Grant to appear, &c., &c., to answer unto William Lunt, &c., in a plea of the case," [on account annexed, which specified the plaintiff's claim,] "then and there, in consideration thereof, promised the plaintiff to pay him that sum on demand, by reason and in consideration thereof; and, by virtue of the statute, [before named,] the plaintiff claims a lien on said logs for his personal services in cutting and hauling the same. Yet, though often requested, the defendants have not paid the same, but neglect and refuse so to do."

The record of the judgment, after reciting the plaintiff's claim as contained in his writ, sets forth, that this action was entered at the October term, A. D., 1858, when notice was ordered to the general owners of said lumber, by publication, in a newspaper, of the writ, with the order thereon,

three weeks successively in, &c., the last publication to be thirty days before the term of the Court to be holden on the first Tuesday of January next, that all persons interested may then and there appear, and take upon themselves the defence of this action.

At the said January term, it was proved to the Court that the order had been complied with, and the defendants did not appear, but made default. "It is therefore considered by the Court that the plaintiff recover against *the defendants* the sum of," &c.

The execution that issued was of the following purport :— Whereas the said Lunt recovered judgment, &c., against the said Webster & Grant, and certain pine and spruce logs, — (which were described, as was also the lien of said Lunt thereon) for the sum of, &c., the officer was commanded to take the property of the debtors, and for want thereof, their bodies, according to the form of a common writ of execution.

The officer having the execution seasonably demanded of defendant, Ladd, the logs attached upon the original writ.

*N. H. Hubbard*, who was of counsel for the plaintiff in this action, argued—

1. That the notice given was sufficient, being "such as the Court ordered." R. S., c. 91, § 20.

2. The record shows that judgment was recovered against the *defendants* in the suit, and defendants are the logs, and also Webster & Grant. The suit was against Webster & Grant and certain logs.

3. The execution recites in direct terms that judgment was recovered against the logs, and Webster & Grant, and the mandate to the officer was sufficient to authorize him to take the logs.

*J. A. Peters*, for the defendant.

It being admitted that Ladd was the general owner of the logs attached, both at the time of the attachment and of the

demand, he is not now estopped to deny. the plaintiff's claim upon the receipt, for, by its terms, that right was reserved. *Sawyer* v. *Mason*, 19 Maine, 49.

The plaintiff has no valid claim. The judgment, execution and proceeding, are fatally wrong.

The statute contemplates *actual* notice to the owner of the logs; not a *constructive* notice, by publication.

The judgment is against. the *personal defendants* only. There was no default of the logs; no judgment against them. But, even if the judgment was correct, the execution is not. In the descriptive clause of "whereas," &c., the logs are covered, but in the mandatory clause to the officer, it runs merely against the men. The present plaintiff has no mandate to proceed against the logs, as logs. He cannot proceed against them as property of the defendants, because they were not their property. *Cunningham* v. *Buck*, 43 Maine, 455; *Redington* v. *Frye*, 43 Maine, 578; *Perkins* v. *Pike*, 42 Maine, 141; *Stedman* v. *Perkins*, 42 Maine, 130.

The opinion of the Court was drawn up by

TENNEY, C. J.—It is agreed in this case, that the general ownership of the logs, described in the defendant's receipt, was in him, both at the time of the attachment, and the demand thereof. And the terms of the receipt sufficiently guard his right to claim the property, and defend this suit upon the receipt.

The defendant insists, that the record shows that he has had no such notice as the statute requires in c. 91, § 20, which should be actual notice. Such construction cannot be admitted. If the statute had prescribed the "notice" to be given, such as was actually given by the order of Court, it could not be insisted, with propriety, that it was insufficient. And when it is left to the Court to order such notice as it thinks is proper, and it is given accordingly, can it have any less validity than it would have if given in pursuance of the statute provision? The meaning of the term "notice" is not so restricted as the defendant contends.

Whether there is a judgment against the logs, is a question, which may be material to the correct decision of some cases, like the present in some of its features, but not so here, from the view we take upon another point presented in argument. It cannot, however, be denied, as the record of the judgment, which makes a part of this case, stands, that a want of that precision, which should always be exhibited in a record, designed to have a conclusive effect upon the property, against the consent of the owner, is quite manifest. It is insisted in behalf of the plaintiff, that the record, showing that the "defendants, though solemnly called to come into Court, do not appear, but make default," and, "it is therefore considered by the Court, that the plaintiff recover against the said defendants, the sum," &c., the term "defendants" is sufficiently broad to embrace the logs referred to. But the same record, immediately following the recital of the count in the writ of *indebitatus assumpsit,* proceeds — "Yet, though often requested, the said *defendants* the same have not paid but neglect it.". This language can hardly be said to apply to the logs in question, but to the alleged debtors. We think such looseness should be avoided in judicial proceedings, especially in the record of judgments.

But the defendant relies upon the points that the mandate in the execution is insufficient to authorize the plaintiff, as an officer, to seize and dispose of the logs, and hence the delivery to him would be a useless ceremony, inasmuch as he could do nothing with them in this case, as the general owner thereof was the receipter and the defendant.

The case of *Cunningham* v. *Buck,* 43 Maine, 455, was where the officer, who attached property, (not that of the debtor,) on mesne process, where a lien was claimed in favor of the plaintiff therein, was called upon by another officer, who had the execution, within thirty days of the judgment, and made demand upon him for the property attached, the mandate of the execution authorizing the seizure of the property of the debtor only, and it was held that the officer who

made the attachment was not liable. HATHAWAY, J., in delivering the opinion of the Court, says :—"The demand made by Wilson, (the officer who had the execution,) must have been for property attached, which he could lawfully dispose of and appropriate the proceeds thereof, in payment of the. execution in his hands, and which the defendant was under legal obligations to deliver to him for that purpose." This case is in point, and decisive against the maintenance of the action.                              *Plaintiff nonsuit.*

RICE, APPLETON, CUTTING and KENT, JJ., concurred.